

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

DANIEL ROA,

                    Defendant.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CR-80 (CBA)

**AMON, United States District Judge:**

On May 17, 2018, Defendant Daniel Roa ("Roa"), proceeding pro se, submitted a request for early termination of his three-year term of supervised release. (D.E. # 32.) The Probation Office recommends termination, but the government opposes the petition, (see D.E. # 35). For the reasons set forth below, the Court denies the request.

Roa, who is 29 years old, was arrested on February 27, 2012, for repeatedly wiring to Colombia drug proceeds from July 2011 to February 2012. (PSR at 1; D.E. # 9 at 26:7–27:4.) On February 27, 2013, the Honorable Steven M. Gold, United States Magistrate Judge, recommended that this Court accept Roa's guilty plea to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. (D.E. # 8.) The Court adopted the recommendation on March 30, 2015. (D.E. # 26.) On April 20, 2015, the Court sentenced Roa to six months in prison and three years of supervised release. (D.E. # 29–30.)

"[A]fter considering [certain] factors set forth in" 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released . . . , if it satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The relevant § 3553(a) factors include the "nature and circumstances of the offense," the "history and characteristics of the defendant," "adequate deterrence to criminal conduct," and the "need to avoid unwarranted sentence disparities among defendants with similar

1

records who have been found guilty of similar conduct." Id. §§ 3553(a)(1), 3353(a)(2)(B), 3353(a)(6). The Court need not "make specific findings of fact with respect to each of these factors; instead, 'a statement that the district court has considered the statutory factors is sufficient.'" United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015) (quoting United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003)).

Early termination "is not warranted as matter of course." Id. After considering the relevant § 3553(a) factors, the Court concludes that early termination is not warranted here. The § 3553(a) "factors which resulted in his original sentence remain unchanged." United States v. Seebachan, No. 12-CR-505 (GBD), 2018 WL 2085654, at *2 (S.D.N.Y. 2018) (alterations omitted). For instance, the sentence provides adequate deterrence to money laundering conduct. See 18 U.S.C. § 3553(a)(2)(B). It is true that Roa has paid his special assessment, that he has not caused any issues during his supervised release, and that he has completed alcohol-related treatment as a condition of release. The Court finds his conduct laudable. But "[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. at 321.

Roa also has not shown any undue burden resulting from his current sentence. As an example, he has not demonstrated that "remaining on supervised release will threaten his opportunities to advance or endanger any employment he may have." Bastien, 111 F. Supp. 3d at 322. Roa contends that "[b]eing off [supervised release] will allow [him and his fiancé] to be able to travel together[.]" (D.E. # 32 at 1.) Yet he "has not identified any travel requests made to the Probation [Office] that have been rejected, nor has he brought any dispute about such a request to this Court." Seebachan, 2018 WL 2085654, at *2; (see also D.E. # 35 at 2). Indeed, the Probation Office represents that Roa has been allowed to travel to South Carolina for three months to

establish residency there. In any event, a defendant's "desire to travel . . . without further restrictions . . . does not suffice to justify early termination." United States v. Maguire, No. 04-CR-269 (VM), 2008 WL 5429838, at *1 (S.D.N.Y. Dec. 22, 2008).

Finally, the Court is not persuaded by the Probation Office's recommendation in this case. As support, the office largely details Roa's compliance with the terms of supervised release. As the Court already has indicated, such conduct ordinarily does not warrant early termination. Although the Second Circuit does not require "new or unforeseen circumstances" to justify early termination, see United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016), the Court nonetheless must be persuaded that the relevant § 3553(a) factors, the defendant's conduct, and the "interest of justice" warrant a modified sentence, 18 U.S.C. § 3583(e). Neither the Probation Office nor Roa has made such a showing here.

The Court therefore DENIES Roa's request for early termination of his supervised release.

SO ORDERED.

Dated: June 27, 2018
       Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge